IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nautilus Insurance Company, | C/A No. 3:13-cv-01659-JFA |
| Plaintiff, | |
| vs. | |
| Elite Security & Protection Agency, LLC; Theodore Thomas, Jr., individually and d/b/a Elite Security & Protection Service; Ronald Roberts; Stephen Douglas Livingston; Rodney Aaron Carder; and Tuyet Nhung Tran, as Personal Representative of the Estate of Thai Quoc Tran, | **ORDER** |
| Defendants. | |

In this declaratory judgment action, Nautilus Insurance Company ("Plaintiff") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 41.

Plaintiff commenced this action in this court seeking a declaration that it owes neither a duty to defend nor a duty to indemnify Elite Security & Protection Agency; Theodore Thomas, Jr., individually and d/b/a Elite Security & Protection Service; Ronald Roberts; Stephen Douglas Livingston; and Rodney Aaron Carder (collectively, "Defendants") in a state civil action brought by Tuyet Nhung Tran, the personal representative of the Estate of Thai Quoc Tran ("Estate").[1]

Now, Plaintiff seeks summary judgment, contending that an "All Assault or Battery" exclusion ("Exclusion") in the commercial general liability policy ("Policy") issued to Elite

---

[1] Thai Quoc Tran's estate filed a state court civil action against Elite Security & Protection Agency and its employees in the wake of a 2012 shooting that resulted in the death of Tran.

Security & Protection Service[2] precludes coverage for the underlying state claims. *Id.* The Estate opposes the motion, arguing that two endorsements in the Policy—labeled "Coverage Extension - Security and Patrol Agency Professional Liability" and "Errors or Omissions Liability Endorsement"—afford insurance coverage in this matter. ECF No. 47. The Estate contends that these endorsements are not affected by the Exclusion relied on by Plaintiff for summary judgment. *Id.* The court heard oral arguments on March 18, 2014, taking the motion under advisement.

After carefully considering the record and oral arguments, this court finds that Plaintiff must prevail. To grant a motion for summary judgment, this court must find that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). When "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). Here, it is undisputed that the underlying civil action seeks damages arising out of an assault, battery, or physical altercation, and that the Exclusion clearly bars coverage for all claims arising out of an assault, battery, or physical altercation. Although the Estate suggests that the two endorsements in the Policy are not affected by the Exclusion, thereby extending coverage to the underlying claims, the court finds that unpersuasive. The plain language of the two endorsements and the Exclusion makes clear that all three are incorporated into the Policy, precluding insurance coverage for the

---

[2] Plaintiff issued an insurance policy to Elite Security & Protection Service as the named insured, which provided commercial general liability coverage for armed and unarmed security guards.

underlying state court action claims. Because the Policy unambiguously excludes the underlying claims, Plaintiff is entitled to judgment as a matter of law.

Accordingly, this court grants Plaintiff's motion for summary judgment and hereby declares that Plaintiff owes no duty to defend and no duty to indemnify Elite Security & Protection Agency; Theodore Thomas, Jr., individually and d/b/a Elite Security & Protection Service; Ronald Roberts; Stephen Douglas Livingston; and Rodney Aaron Carder in the state civil action filed by Tuyet Nhung Tran, personal representative of the Estate of Thai Quoc Tran.

IT IS SO ORDERED.

March 19, 2014                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge